498 P.2d 216

**The STATE of Arizona, Appellee,**

v.

**Cecil Kenny KLEM, Appellant.**

**No. 2277.**

Supreme Court of Arizona,
In Banc.

June 15, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

This is an appeal from a verdict of guilty of the crime of rape, second degree, in violation of A.R.S. § 13–611, subsec. B, and the sentence of six months in the county jail to be followed by two and one-half years' probation.

The incident out of which this prosecution arose occurred on the thirteenth of June 1970. The prosecuting witness, then 17 years of age, was hitchhiking from the City of Phoenix to Flagstaff, Arizona. In the vicinity of 19th Avenue and Camelback Road, three young men, one of whom was the appellant, Cecil Kenny Klem, drove up in an automobile and asked her if she wanted a ride—to which she answered, "yes." In the course of the ensuing events, the prosecuting witness went to a house in Phoenix with the appellant, Klem, and the two others, where the incident of sexual intercourse upon which the prosecution is founded occurred.

The appellant was informed against for the crimes of rape, first degree, Count 1,[1] and assault with intent to commit rape, Count 2. Although the evidence at the trial was sufficient to support an inference that the prosecuting witness was prevented from resisting by threats of immediate and great bodily harm, at the conclusion of the State's case the prosecution moved to amend the Information so as to change Count 1 to rape, second degree. The motion was granted over the appellant's objection that rape, second degree, was a separate crime, one not previously charged and not necessarily included in the charge of rape, first degree. The sole error assigned in this Court is the action of the court below in permitting the amendment to the Information.

At the outset, we recognize that procedural due process requires notice of a specific charge and the opportunity to be heard on the issues raised on that charge, Cole v. Arkansas, 333 U.S. 196, 201, 68 S. Ct. 514, 517, 92 L.Ed. 644, 647 (1948). We construed A.R.S. § 13–611 in State v. Vineyard, 96 Ariz. 76, 79, 392 P.2d 30, 32 (1964), holding that § 13–611 defining rape did not create separate crimes, but "merely set this particular form of rape [Subsection B, second degree] apart from the other five [Subsection A, first degree] for the obvious purpose of allowing a different penalty to be assessed for its violation." The foregoing language was later quoted

with approval in State v. Faught, 97 Ariz. 165, 166, 398 P.2d 550 (1965). The statute A.R.S. § 13–611 merely states the different circumstances under which sexual intercourse constitutes the crime of rape.

While it is, of course, possible that an accused may be taken by surprise if an information charges him under one subsection of A.R.S. § 13–611 and the proof offered brings the offense under another subsection, if the accused has received notice of such a possibility he is not prejudiced thereby.

In California, in People v. Collins, 54 Cal.2d 57, 60, 4 Cal.Rptr. 158, 160, 351 P.2d 326, 328 (1960), under somewhat similar circumstances and under a closely related statute, the Supreme Court of California held:

"The decisive question in the present case is whether the variance was of such a substantial character as to have misled defendants in preparing their defense. There is no indication whatever that defendants were prejudiced in that respect."

The record in the present case shows that appellant was aware at the time of trial that the prosecuting witness was under the age of 18 years. She had testified at the preliminary hearing that she was 17 years of age, and based upon this testimony, counsel for the appellant moved at the conclusion of the preliminary hear-

1.
"Article 33. Rape
§ 13–611. Definition; degrees
 A. Rape in the first degree is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:
 1. Where the female is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent.
 2. Where the female resists, but her resistance is overcome by force or violence.
 3. Where the female is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by an intoxicating, narcotic or anaesthetic substance,

administered by or with privity of the accused.
 4. Where the female is at the time unconscious of the nature of the act, and this is known to the accused.
 5. Where the female submits under a belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense or concealment practiced by the accused with intent to induce such belief.
 B. Rape in the second degree is an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree. As amended Laws 1962, Ch. 52, § 1."

ing that the charge of rape in the first degree be changed to rape in the second degree. It is not now asserted that if rape in the second degree had been charged in the Information prior to amendment, the appellant would or could have disputed the age of the prosecuting witness. The trial court was authorized by Rule 145, Rules of Criminal Procedure, 17 A.R.S., to amend the Information where the appellant was not prejudiced thereby.

The judgment is affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.