503 P.2d 942

**STATE of Arizona, Appellee,**

v.

**Yulice JEFFERSON, Appellant.**

**No. 2349.**

Supreme Court of Arizona,
In Banc.
Dec. 11, 1972.

---

Gary K. Nelson, Atty. Gen. by Peter M. Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

Yulice Jefferson appeals from a judgment entered on jury verdicts finding him guilty of rape, robbery and kidnapping, and from sentences of ten to fifteen years, five years, and five years to ten years, respectively.

The prosecuting witness, a 22-year-old divorcee with four children and one on the way, was walking home from a cafe at about 2:00 A.M. She testified that she had no money for a taxi; that the defendant grabbed her and dragged her some twenty-five feet to a large van; that he pushed her into it, tore off her panties, and raped her twice by force and threats to kill her; that he was dragging her away from the scene of the crime when a police car approached; that she broke away from him and ran to the police; that her purse was then in defendant's pocket and he gave it to the police. Corroboration was in the form of testimony from a gynecologist who examined her and found sperm in her vagina, from contusions and abrasions on the victim, from some of her hair found clinging to the bed of the truck, and from her torn panties found near where the rape took place. The defense was that she had

encountered defendant on the street and had asked him to walk her home because she feared that some man was following her. Defendant did not take the stand but tried to prove that defense by cross-examination of the victim.

Defendant raises three questions. First, he argues that he was denied his constitutional rights "when the state proved an 'admission by silence.'" The testimony of Phoenix Police Officer Roberts was that he informed defendant of his constitutional rights, after which defendant stated that he did not wish to answer any questions until he had seen a lawyer. No objection was made to this testimony. On cross-examination, defense counsel elicited the same testimony again.

■ We have held that it is improper to introduce evidence of an accused's silence in reply to questions when he is in custody or under other circumstances where it is his constitutional right to refrain from incriminating himself. State v. Simoneau, 98 Ariz. 2, 401 P.2d 404. In United States v. Kroslack, 426 F.2d 1129, the United States Court of Appeals for the Seventh Circuit held that it was reversible error. We need not decide the question in this case, however, because here the defense made no objection to that line of questioning, and in fact brought out the same information by its own questioning. In addition, the matter was not referred to in his motion for a new trial.

This exact point was decided in United States v. Cook, 432 F.2d 1093, where the United States Court of Appeals for the same seventh circuit held that the failure to object or to move to strike the testimony eliminated the error on appeal. This general principle has been followed by us consistently. *See* State v. Dutton, 106 Ariz. 463, 478 P.2d 87.

■ Defendant's second contention is that the prosecutor asked the victim whether she was on welfare. The court overruled the objection that the answer was immaterial. The State contended that the question was designed to show why she was on the street so late, walking instead of calling a cab. In view of the fact that the defense repeatedly tried to make the jury believe that the victim was a prostitute or she would not be walking deserted streets at 2:00 A.M., we believe that the evidence was material.

■ Defendant's last contention is that the reporter's transcript shows that the judge ordered the three sentences to run concurrently, while the typed minute entry shows that they were to run consecutively. This of course is a matter which requires investigation. The question is not so much which order takes precedence over the other, as which order represents what the judge actually said.

There is no question but that the oral judgment is valid and complete when the judge speaks—the question is what he actually said. The minute entry, having been typed, was not made in the courtroom. Likewise, the transcript, having been typed, was not made in the courtroom. Each was made by a different person, one of whom misunderstood the judge. It is also possible that the court reporter mistranslated his notes.

The judgment of guilt is affirmed, but the case is remanded to the Superior Court for the purpose of determining what sentence was actually imposed.

Judgment of conviction affirmed.

CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

HOLOHAN, Justice (dissenting):

While I agree with the Court's position and holding on the first two questions presented by the defendant, I dissent from the holding and disposition by the Court in the final point.

Because of a conflict between the minutes and the court reporter's transcript, the Court has determined to remand this matter to the trial court for a determination of the "correct sentence." If these two items were the only matters to be considered, I would be in agreement with the Court's po-

**602**

sition. The Court ignores, however, the fact that the Judgment of Guilt and Sentence is a document which was actually signed by the trial court.

The sentence was imposed on January 29th, and the formal written Judgment was signed on February 3rd and filed in the clerk's office on February 4th. The Judgment of Guilt and Sentence signed by the trial judge clearly shows that the sentence pronounced was that reflected by the minutes, namely that the terms of confinement were to run consecutively.

The Statement of Facts required by A. R.S. § 11–533 also reflected that the sentences were to run consecutively, and this document was signed by the trial judge and a Deputy County Attorney for the County Attorney. It is also worthy of note that attached to the Statement of Facts was a copy of the pre-sentence report. The trial court had been presented with the pre-sentence report prior to the sentencing, and the recommendation to the court in that report was that the terms of confinement should be consecutive. A comparison of the recommendation and the actual sentence discloses that the court followed the recommendation.

The holding today also ignores our previous decisions on this issue which have held that a judgment is complete and valid when it is orally pronounced by the court and entered in the minutes. State v. Johnson, 108 Ariz. 116, 493 P.2d 498 (1972), and State v. Wheeler, 108 Ariz. 338, 498 P.2d 205 (1972). In the instant case, the minutes and the formal written Judgment are in agreement, and under our former rulings the terms of the sentence entered in the minutes are the judgment of the court. With the showing made in the record it seems a sorry state of affairs to remand this matter to the trial court for hearing. It appears clear to me that the trial judge imposed a consecutive sentence. It was reflected in the minutes by his clerk and confirmed by the trial judge in the formal written Judgment and in the Statement of Facts. On the record and on the

strength of our previous decisions, I would affirm both the conviction and the sentence of consecutive terms of imprisonment.