510 P.2d 743

**STATE of Arizona, Appellee,**

v.

**Elgin BENTON, Appellant.**

**No. 2470.**

Supreme Court of Arizona,
In Banc.

June 12, 1973.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant Elgin Benton appeals from a judgment based upon a jury verdict finding him guilty of robbery in violation of A.R.S. § 13–641 and from a sentence of not less than six nor more than eight years.

It was alleged in the information that Benton robbed Victor Garcia on August 3, 1971. The defendant pleaded not guilty. The facts pertaining to the robbery are as follows: As Garcia approached a phone booth, he noticed two boys near the New Valley Market. They approached him and asked him how long he was going to use the phone. When he turned to dial, one of the boys (later identified by him as the de-

fendant) unsuccessfully reached for his wallet. Garcia ran the two boys off, completed his call, and started to return to his truck parked nearby. As he reached it, he was attacked by four or five boys who began to beat him. A fight ensued and after this the man identified by Garcia as Benton ran away and the others followed. Garcia did not actually see anyone take his wallet, but he testified that prior to the struggle he had his wallet in his pocket containing $80.00 and several credit cards and that after the struggle the wallet was gone.

Elizabeth Graves, a cashier at the market, knew the defendant by name and recalled seeing him at the market just prior to the time of the incident. She also testified that she saw Benton running toward the housing project after what was apparently a tussle on the other side of the truck.

During the course of its instructions to the jury, the court gave one on flight. In addition, at trial the prosecutor, during cross-examination, asked the defendant if he had told anyone besides the arresting officer of his innocence.

The defendant claims the court erred in giving an instruction on flight as evidence of guilt. Defendant further contends that his right to refrain from self-incrimination under the fifth and fourteenth amendments of the federal constitution was violated by the question relating to whether he had told anyone beside the arresting officer of his innocence.

■ The test for whether an instruction on flight is warranted by the evidence was pronounced in State v. Owen, 94 Ariz. 404, 411, 385 P.2d 700, 704 (1963), reversed on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964).

We said:

"Certainly a mere leaving of the scene of a crime is not a fact sufficient to constitute flight under all circumstances * * *. Ordinarily, unless the flight or attempted flight be open, as upon imme-

diate pursuit, the element of concealment is considered a necessary component."

The state in *Owen, supra,* as in the present case, did not introduce specific evidence that the defendant was pursued or that he had later hidden or concealed himself. Nevertheless, in *Owen* there was evidence that after the event, the defendant "took off down the road".

We do not feel that the flight instruction in the present case constitutes error. From the testimony elicited at trial, there was substantial evidence showing that the defendant ran away from the parking lot for no apparent reason.

Elizabeth Graves, a cashier at the New Valley Market on whose property this crime took place, testified on direct examination as follows:

"Q. Okay. Now, when you say Elgie, are you talking about this fellow right here?

"A. Yes.

"Q. Are you sure that he was one of them that was running away?

"A. Right."

On cross-examination she stated:

"A. Well, all I said is that I did see three guys running, and Elgie Benton was one of them."

From the foregoing we feel that the flight instruction was justified as was any reasonable inference drawn therefrom and did not constitute error.

The defendant also claims that certain questions asked him during cross-examination and several statements made by the prosecutor during closing argument constituted reversible error, even though not objected to at the time.

■ The arresting officers testified that they merely served the warrant upon the defendant telling him it was for robbery and he said he was not involved in any robbery. The prosecutor asked him if he had told this to anyone else and he replied that he had not. No objection was made to this line of questioning and we cannot

see that it raises any question of fundamental error. State v. Belcher, 108 Ariz. 290, 496 P.2d 590 (1972); State v. Jackson, 201 Kan. 795, 443 P.2d 279 (1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1019, 22 L.Ed.2d 219 (1969).

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.