515 P.2d 1179

**STATE of Arizona, Appellee,**

v.

**Maria Rosa DENSON, Appellant.**

No. 2301.

Supreme Court of Arizona,
In Division.

Nov. 15, 1973.

Rehearing Denied Jan. 9, 1974.

See 519 P.2d 184.

Gary K. Nelson, Atty. Gen. by Louis A. Moore, Jr., former Asst. Atty. Gen., and Richard Klauer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

Following a plea bargain in which charges of murder and assault with a deadly weapon were reduced to voluntary manslaughter, and in which several forgery charges were dropped, Maria Rosa Denson entered a plea of guilty to the voluntary manslaughter charge. She was sentenced to confinement. A timely appeal was filed questioning whether the court sufficiently advised the defendant of the elements of voluntary manslaughter.

■ It was not necessary for the trial court to recite the elements of the offense charged. State v. Howell, 109 Ariz. 165, 506 P.2d 1059 (1973); State v. Montgomery, 109 Ariz. 73, 505 P.2d 244 (1973); State v. Phillips, 108 Ariz. 332, 498 P.2d 199 (1972). The essential requirements are that the court be satisfied that the defendant understands the nature of the offense charged and that the record show that the defendant does understand.

■ There was sufficient factual basis for the plea as reflected in the transcript of the preliminary hearing. The evidence at that hearing disclosed that the defendant shot a man and then shot and killed a woman as a result of the defendant's anger over the man's apparent romantic involvement with the other woman. At the time of the sentencing the defendant's attorney in asking for a lenient sentence explained the nature of the defendant's actions:

" . . . I think the Court is aware of the circumstances surrounding the commission of this offense and that it was a crime of passion and one which is not likely to be repeated I am sure, and that the crime committed that day was a crime of passion." (R.T. Sentencing, page 3)

We feel from examining the entire record that the defendant had a sufficient understanding of the nature of the charge against her.

**160**

In examining the record for fundamental error pursuant to A.R.S. § 13–1715, we have found an irregularity in the sentence imposed. The minutes and the formal judgment of guilt and sentence state that the defendant is to be confined for a term of five years to five and one-half years in the State Prison. However, the transcript reflects that the sentence was five years to five years and one day. The situation presented is identical with that found in State v. Jefferson, 108 Ariz. 600, 503 P.2d 942 (1972). The question posed is what is the true sentence. While there was a dissenting opinion in *Jefferson,* the position of the dissent has not been accepted, and the holding in the cited case will be followed.

The judgment of guilt is affirmed, but the case is remanded to the Superior Court for the purpose of determining what sentence was actually imposed.

Remanded with directions.

STRUCKMEYER and LOCKWOOD, JJ., concur.