546 P.2d 846

**The STATE of Arizona, Appellee,**

v.

**George E. SHIELDS, Appellant.**

**No. I CA–CR 1216.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 9, 1976.

**122**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Grove M. Callison, Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Grayson M. Sandy, Jr., Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

This is an appeal from a judgment of conviction of the crimes of grand theft and first degree burglary. Defendant was placed on probation for a period of five years with one condition being incarceration in the county jail for six months. On appeal, defendant urges that the trial court erred in three respects, namely:

1. That the court erred in denying defendant's motion for a change of judge;

2. That the court erred in giving an instruction on flight; and

3. That the court erred in refusing defendant's instruction No. 3 (which in substance states that the mere presence at the scene of the crime is no evidence of the defendant's guilt).

We consider each issue in the order presented.

Defendant was originally charged with a co-defendant and was represented by the same counsel, the Public Defender's Office. Counsel filed a request for a change of judge pursuant to Rule 10.2, Rules of Criminal Procedure, 17 A.R.S. This request was granted and the case assigned to Judge Rozar, who heard a motion to sever presented by defendant's new counsel. The motion was granted. On the morning of trial, Judge Rozar was unable to hear the matter and the case was then assigned to Judge Chatwin, who proceeded with the trial. The defendant filed and presented a motion for change of judge, directed to Judge Chatwin. The motion was argued and denied.

We are unable to find error in the court's ruling. This request for change of judge was a peremptory challenge under Rule 10.2 rather than a challenge for cause under Rule 10.1. Rule 10.2—like its predecessor, Rule 198, Rules of Criminal Procedure 1956—permits only one peremptory challenge. In *State v. Smith,* 111 Ariz. 149, 526 P.2d 392 (1974), the Supreme Court, dealing with Rule 198, held that an application for change of judge on behalf of two defendants was binding as to both and constituted a peremptory challenge by both. We believe this rule should apply to the instant case. Defendant's previous counsel filed a peremptory challenge, representing defendant as well as the co-defendant. This challenge is binding on defendant. In a last minute switch of judges defendant is not without remedy if there is cause to disqualify a judge for cause. Rule 10.1 allows defendant the right to disqualify a judge for cause and this right

is unaffected by the peremptory challenge allowed by Rule 10.2. Defendant contends that he has a right to a peremptory challenge directed at Judge Chatwin because it was a last minute assignment to him. We cannot agree.

We next consider the second issue concerning the giving of an instruction on flight. Defendant urges that the evidence does not justify the giving of this instruction. Again, we disagree.

■ Our law is clear. Ordinarily, unless the flight be upon immediate pursuit, it is necessary to establish some concealment or attempted concealment on the part of the accused in order to constitute flight and justify the giving of an instruction on flight. *State v. Owen,* 94 Ariz. 404, 385 P.2d 700 (1963), reversed on other grounds, 378 U.S. 574, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964); *State v. Brewer,* 110 Ariz. 12, 514 P.2d 1008 (1973); *State v. Benton,* 109 Ariz. 427, 510 P.2d 743 (1973). The term "flight" signifies not merely a leaving, but a leaving or concealment under a consciousness of guilt and for the purpose of evading arrest. *State v. Rodgers,* 103 Ariz. 393, 442 P.2d 840 (1968); *State v. Ceja,* 113 Ariz. 39, 546 P.2d 6, filed February 11, 1976. We find sufficient evidence to meet these tests justifying the giving of the instruction in this case.

The evidence shows that Phoenix police officers were answering a silent alarm call at the Clothing City store in the early morning hours of November 8, 1974. While en route to the call (at 1600 S. 16th Street), they approached the area without lights and saw the defendant running westbound toward their vehicle from an alleyway between a fenced area and the rear of Clothing City. The defendant then turned south into a loading dock area of a nearby business. According to the evidence, the defendant climbed onto the ramp of the dock and proceeded to the corner where there was a fence behind the loading dock. The officers, observing the above, testified that the defendant grabbed the fence and appeared to be making an attempt to climb the fence. Evidence indicated that the loading dock area was blocked on three sides.

To summarize, the evidence indicates that the officers noticed defendant running west from the clothing store toward the officers' car and then changed his course to the loading dock that fenced him in. It was here that he was apprehended. It is to be noted that when he was apprehended he was given the *Miranda* warnings. Later he was asked if he had knocked the hole in the west wall of the clothing store (the spot where the entry was made for the burglary), to which he answered in the affirmative.

■ From these facts we believe there was sufficient evidence to justify the flight instruction.

In the third issue the defendant contends error when the trial court refused to give the following instruction:

"The court instructs the jury that mere presence at the scene of the crime is no evidence of defendant's guilt."

■ In our search of the record we note that at the time the defendant objected to the court's refusal to give the requested instruction, defendant did not state a reason for his objection. However, even assuming a proper objection and that the instruction should have been given, we are unable to find reversible error since appellant's theory of the case was adequately presented to the jury when the instructions are considered as a whole. The court instructed the jury on the prosecution's burden of proof, the defendant's presumption of innocence and on all the elements necessary to find the defendant guilty of the crimes charged. Either as a principal or as an accessory. In other words, there is not one dissonant note in any of the instructions to the thought expressed in the requested instruction which thought is really a matter to be covered in argument.

Affirmed.

OGG and FROEB, JJ., concur.