570 P.2d 489

**STATE of Arizona, Appellee,**

v.

**Perry Scooter CARRICO, Appellant.**

**No. 3910.**

Supreme Court of Arizona.

Sept. 30, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

---

Leek & Oehler by Stephen M. Lee, Kingman, for appellant.

HAYS, Justice.

The appellant was charged by indictment with rape, in violation of A.R.S. § 13–611(A) and § 13–614. The trial jury found him guilty of rape in the second degree. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e).

■ The sole issue in this appeal concerns the court's giving an instruction on second degree rape when the indictment recited a violation of A.R.S. § 13–611(A). In 1962 the legislature amended the rape statute to provide for degrees of rape; first degree, as defined in A.R.S. § 13–611(A), involves what is often referred to as forcible rape; and second degree, as defined in A.R.S. § 13–611(B), involves statutory rape. Appellant urges that the court committed reversible error in permitting the jurors to return a verdict of guilty of second degree rape because he was charged with and had defended on the charge of forcible rape.

We are aware of the fact that there is authority to the effect that statutory rape is not a lesser included offense in forcible rape even though the victim may be under the age of consent. *See United States v. Littlewind,* 551 F.2d 244 (8th Cir. 1977).

We answered this question recently in *State v. Klem,* 108 Ariz. 349, 498 P.2d 216 (1972). The court said:

"We construed A.R.S. § 13–611 in *State v. Vineyard,* 96 Ariz. 76, 79, 392 P.2d 30, 32 (1964), holding that § 13–611 defining rape did not create separate crimes, but 'merely set this particular form of rape [Subsection B, second degree] apart from the other five [Subsection A, first degree] for the obvious purpose of allowing a different penalty to be assessed for its violation.' The foregoing language was later quoted with approval in *State v. Faught,* 97 Ariz. 165, 166, 398 P.2d 550 (1965). The statute A.R.S. § 13–611

merely states the different circumstances under which sexual intercourse constitutes the crime of rape." 108 Ariz. at 350, 498 P.2d 216 at 217.

The court then went on to say:

"While it is, of course, possible that an accused may be taken by surprise if an information charges him under one subsection of A.R.S. § 13–611 and the proof offered brings the offense under another subsection, if the accused has received notice of such a possibility he is not prejudiced thereby." 108 Ariz. at 350, 498 P.2d 216 at 217.

We are not constrained to depart from the foregoing position. An examination of the record indicates that the appellant had knowledge of the age of victim and that proof thereon would be forthcoming at trial.

■ Statutory rape is not a separate crime so as to be called a lesser included offense but, as we indicated above, is merely one of a number of different circumstances under which sexual intercourse constitutes rape.

Judgment of conviction and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.

GORDON, J., did not participate in the determination of this matter.