162 N.J. Super. 302 (1978)
392 A.2d 678
STATE OF NEW JERSEY, PLAINTIFF,
v.
TYRONE THOMPSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided August 15, 1978.
*303 Mr. Salim J. Balady, Assistant Deputy Public Defender, argued the cause for defendant. (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Wayne J. Martorelli, Deputy Attorney General argued the cause for amicus curiae (Mr. John J. Degnan, Attorney General, attorney).
*304 Mr. John R. Cosmi, Assistant Prosecutor, argued the cause for plaintiff (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
JOELSON, A.J.S.C.
This matter comes before the court on a motion to dismiss an indictment charging carnal abuse by a male defendant against an 11-year-old girl, in violation of N.J.S.A. 2A:138-1. The motion is based upon a contention that the statute is unconstitutional because it denies the defendant equal protection of the law. This contention is made under the argument that N.J.S.A. 2A:138-1 makes it an offense for a male of the age of 16 or over to carnally abuse a girl under the age of 16 with or without her consent, but fails to make it an offense for a female to carnally abuse a boy under the age of 16.
It is well established that if a classification is reasonably designed to accomplish a valid legislative purpose, it will be upheld because of rationality in the class singled out for attention. Rinaldi v. Yeager, 384 U.S. 305, 308-09, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577, 580 (1966); Baxstrom v. Herold, 383 U.S. 107, 111, 86 S.Ct. 760, 762, 15 L.Ed.2d 620 (1966); Tigner v. Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124, 1128 (1940). In cases involving a classification based upon gender, the same test has been applied. Although such a classification is not inherently suspect as are those based upon race or country of origin, it is, however, accorded close and searching scrutiny. Craig v. Boren, 429 U.S. 190, 197, 97 S.Ct. 451, 458, 50 L.Ed.2d 397 (1976); Frontiero v. Richardson, 411 U.S. 677, 682, 93 S.Ct. 1764, 1770, 36 L.Ed.2d 583, 589 (1973); Reed v. Reed, 404 U.S. 71, 75-76, 92 S.Ct. 251, 256, 30 L.Ed.2d 225, 229-30 (1971). Thus, it now becomes necessary to consider whether the classification established in N.J.S.A. 2A:138-1 is an "invidious gender-based discrimination" or a "gender-based difference * * * substantially related to achievement of the statutory objective." Craig v. Boren, supra.
*305 N.J.S.A. 2A:138-1 in its entirety reads as follows:
Any person who has carnal knowledge of a woman forcibly against her will, or while she is under the influence of any narcotic drug, or who, being of the age of 16 or over, unlawfully and carnally abuses a woman-child under the age of 12 years, with or without her consent, is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 30 years, or both; or who, being of the age of 16 or over, unlawfully and carnally abuses a woman-child of the age of 12 years or over, but under the age of 16 years, with or without her consent, is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both.
The above-quoted statute obviously encompasses both forcible carnal knowledge (rape) and carnal abuse of a woman-child under the age of 16 by someone of the age of 16 or over, whether with or without the consent of the woman-child. It constitutes such carnal abuse to be a high misdemeanor, but provides a more severe penalty (not more than 30 years imprisonment) when the girl is under the age of 12. If the girl is between 12 and 16, the penalty is stated to be not more than 15 years imprisonment.
There are cases in other jurisdictions which have considered the validity of similar, although not identical, enactments from the point of view of equal protection of the law. With one exception, they have upheld the legislation. Among the cases which have found the statutes constitutionally unobjectionable are: People v. Mackey, 46 Cal. App.3d 755, 120 Cal. Rptr. 157 (D. Ct. App. 1975), cert. den. 423 U.S. 951, 96 S.Ct. 372, 46 L.Ed.2d 287 (1975); State v. Brothers, 384 A.2d 402 (Del. Super. Ct. 1978); In the Matter of W.E.P., 318 A. 2d 286 (D.C. App. 1974); State v. Meloon, 116 N.H. 669, 366 A.2d 1176 (Sup. Ct. 1976); In the Interest of J.D.G., 498 S.W.2d 786 (Mo. Sup. Ct. 1973); Finley v. State, 527 S.W. 2d 553 (Tex. Cr. App. 1975). The case which struck the statute down is Meloon v. Helgemoe, 564 F.2d 602 (1977). That case came before the First Circuit of the U.S. Court of Appeals on an *306 application for habeas corpus relief after the decision in State v. Meloon, supra. In disagreement with the New Hampshire Supreme Court, the First Circuit held that the New Hampshire "statutory rape" law was unconstitutional as a denial of equal protection of the law.
Although this court accords respect to a federal Circuit Court of Appeals and gives careful attention to opinions of such a tribunal, it is not precedentially bound by such opinions, especially where the circuit in question does not include the State of New Jersey. State v. Coleman, 46 N.J. 16, 35 (1965). Thus, the determination of the First Circuit will not be applied here because this court finds the reasoning in the above-cited cases of courts which upheld "statutory rape" statutes to be more logical, persuasive and compelling. The court here adopts the following language in State v. Brothers, supra:
Among the reasons the State has cited in support of the statutory rape statute and its distinction between male and female, are the greater possibility of injury to a female victim, the possibility of pregnancy, and the physiological and sociological problems said to be more likely to be attendant upon a female victim than a male victim. An attempt to give extra protection to the female victim on account of these potential problems is a valid objective and the classification contained in the legislation appears to bear a fair and substantial relationship to the problems the statute is designed to meet.
Young girls can become pregnant; young boys cannot. Young girls can suffer physical damage from intercourse or attempted intercourse; young boys cannot. Furthermore, a young girl who suffers physical injury in such a manner is not unlikely to suffer also an emotional or psychological trauma which can adversely color her outlook on human sexuality throughout her life. It is the opinion of the court that all these considerations give rationality to the classification contained in N.J.S.A. 2A:138-1 wherein only males are subject to the penalty provided.
*307 Defendant, however, contends that all these considerations go by the board because the cases interpreting N.J.S.A. 2A:138-1 do not require that there must be actual penetration of the female in order for a defendant to be guilty. Indeed, the cases in New Jersey do hold that there can be carnal abuse without actual penetration if the male sex organ comes into contact with the female sex organ. State v. Huggins, 84 N.J.L. 254 (E. & A. 1913); State v. Rhein, 117 N.J. Super. 112 (App. Div. 1971); Application of Faas, 42 N.J. Super. 31 (App. Div. 1956); State v. MacLean, 135 N.J.L. 491 (Sup. Ct. 1947). Nevertheless, the court is of the opinion that all that has been said above is applicable.
The statute does not deal with manual touching, fondling or other sexual acts. However, under its terms as interpreted by our courts, a male who causes his sex organ to come into contact with that of a young girl will not escape the burden of the severe penalty of N.J.S.A. 2A:138-1. He will not be held to be outside of the statute's scope merely because penetration could not be anatomically possible, or because he was checked by unrestrainable physiological forces, or interrupted by another person. Not only is penetration forbidden, but also forbidden is the initial mutual touching of the sexual organs which is the first essential step in the act of intercourse. Thus, it might be said that the law deals with the initiation of penetration as well as with penetration itself. As a deterrent, it warns males that they take the proscribed first step at their own peril.
Defendant, who is a 20-year-old man charged with carnal abuse against an 11-year-old girl, now is cast in the role of protector of young boys against predatory women. He expresses concern that N.J.S.A. 2A:138-1 fails to make carnal abuse against young boys an offense. He need have no further concern. The newly enacted Penal Code, L. 1978, c. 95, § 2c:14-2, which will go into effect on September 1, 1979, will broaden the carnal abuse statute to include defendants and victims of either sex. This reflects the intention *308 of the Legislature to widen the scope of the offense, but does not mean that the original classification was impermissible. Furthermore, there is presently existing a statute making it a criminal offense to impair the morals of a minor, N.J.S.A. 2A:96-3. This statute also applies to defendants and victims of either sex, and constitutes the offense of impairing the morals of a minor to be a misdemeanor. Under N.J.S.A. 2A:85-7 persons convicted of a misdemeanor are subject to a prison term of three years, a fine of not more than $1,000, or both.
The motion to dismiss the indictment is denied.