Robert Dale **GRAY**,
Petitioner–Appellant,

v.

Samuel A. **LEWIS**,
Respondent–Appellee.

No. 87–2950.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1989.

Decided Aug. 9, 1989.

Richard M. Barnett, San Diego, Cal., for petitioner-appellant.

Gerald R. Grant, Asst. Atty. Gen., Dept. of Law, Phoenix, Ariz., for respondent-appellee.

Before CHAMBERS, ALARCON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

Robert Dale Gray, an Arizona prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. In 1978, Gray was acquitted of first-degree rape but convicted of second-degree rape on an indictment alleging forcible rape. In 1981, this court found that the state had violated due process by not providing Gray with adequate notice of the age of the victim as an element of the second-degree rape charge, and granted his petition for a writ of habeas corpus. *See Gray v. Raines*, 662 F.2d 569 (9th Cir.1981) (*"Gray I"*).

We found in *Gray I* that:

What makes statutory and forcible rape separate offenses for charging purposes is the fact that proof of different elements is required. The use of force is an element of first degree rape, while the age of the victim is an element of second degree rape. Neither element is common to both degrees. Because first and second degree rape are distinct offenses, and second degree rape is not an included offense, the state was obligated to comply with the Sixth Amendment notice requirement when bringing a second degree rape charge. In the instant case, the state did not meet its obligation.

*Id.* at 572.

Gray was then indicted and convicted for second-degree rape for the same incident. In his instant petition, Gray contends that under Arizona law, there is only one offense of "rape," and that the state's prosecution of him for second-degree rape following his acquittal for first-degree rape is therefore precluded by the double jeopardy clause.[1] We review de novo, *Watson v. Estelle*, 859 F.2d 105, 106 (9th Cir.1983), and affirm.

The double jeopardy clause of the fifth amendment "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 164–65, 97 S.Ct. 2221, 2224–25, 53 L.Ed.2d 187 (1971) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (citations omitted)). Where the same

---

1. To support his contention, Gray cites Arizona cases for the proposition that statutory rape "is not a separate crime so as to be called a lesser included offense" of forcible rape. *See, e.g., State v. Carrico*, 116 Ariz. 547, 570 P.2d 489, 490 (1977); *State v. Klem*, 108 Ariz. 349, 498 P.2d 216 (1972) (en banc). This court must accept the Arizona courts' identification of the elements of the offenses involved. *See Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980). However, the state courts' definition of the elements "does not necessarily answer the ultimate question of whether there is a violation of the double jeopardy clause." *Dixon v. Dupnik*, 688 F.2d 682, 684 (9th Cir.1982).

act or transaction constitutes a violation of two distinct statutory provisions, to determine whether there are two offenses or only one, the test to be applied is "whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Dixon v. Dupnik,* 688 F.2d 682, 684 (9th Cir.1982). Thus, unless each statutory provision requires proof of an additional fact which the other does not, the double jeopardy clause prohibits successive prosecutions. *Brown,* 432 U.S. at 166, 97 S.Ct. at 2225.[2]

Applying the *Blockburger* test to Arizona's first- and second-degree rape provisions, Ariz.Rev.Stat. §§ 13–611(A) and (B), it is apparent that they constitute separate offenses. The crime of first-degree rape requires proof of force; second-degree rape requires proof that the victim was under 18 years of age. Neither element is common to both degrees. Indeed, in its decision to grant Gray's first habeas petition, this court recognized that first- and second-degree rape were "distinct offenses" because proof of these different elements was required. *See Gray I,* 662 F.2d at 572.

Because first- and second-degree rape are distinct offenses, the double jeopardy clause does not bar Gray's indictment and conviction for second-degree rape even though he was acquitted of first-degree rape in an earlier proceeding.[3]

AFFIRMED.

---

**2.** The *Blockburger* test applies even if the offenses in question are subsections of the same statutory provision rather than two distinct provisions. *See Brown,* 432 U.S. 161, 97 S.Ct. at 2223 (applying the *Blockburger* test to two subsections of same statute). Thus, Gray's contention that the *Blockburger* test does not apply because he was being reprosecuted under the "same statute" is unfounded.

**3.** Gray also argues that his indictment following this court's grant of his habeas petition violated double jeopardy because it charged him with first-degree as well as second-degree rape. However, this issue is waived because Gray raised it for the first time in his reply brief. *See Northwest Acceptance Corp. v. Lynnwood Equipment,* 841 F.2d 918, 924 (9th Cir.1988).