841 P.2d 209

**STATE of Arizona, Appellee,**

v.

**Bobby Lee BOWLES, Appellant.**

**No. 1 CA–CR 90–1933.**

Court of Appeals of Arizona, Division 1, Department E.

Jan. 9, 1992.

Reconsideration Denied March 10, 1992.

Review Denied Dec. 15, 1992.

---

**6.** *But see Securities and Exchange Commission v. R.G. Reynolds Enterprises, Inc.*, 952 F.2d 1125 (9th Cir.1991).

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Alex D. Gonzalez, Deputy Public Defender, Phoenix, for appellant.

## OPINION

SHELLEY, Judge.

On November 8, 1990, appellant Bobby Lee Bowles (defendant) pled guilty to aggravated assault, a class 3 felony with one prior felony conviction committed while on parole. The plea agreement provided that defendant be sentenced to a term of 11 years to run concurrently with a sentence imposed in cause number CR 90–01015 but *consecutive* to Bowles' unexpired parole term. However, the transcript reflects that when the court imposed the sentence, the court said:

> It is therefore the judgment of this Court that the Defendant is sentenced to an aggravated but [sic] the maximum term of 11 years with the Department of Corrections. This sentence shall be concurrent with CR 90–01015. The sentence is *concurrent* with any additional time the Defendant may be required to serve concerning CR–A–788798 out of Los Angeles County Superior Court of California where the Defendant was convicted on December 1st of 1986. [Emphasis added.]

However, the minute entry is consistent with the plea agreement. It states that defendant committed this offense while on parole in CR–A–788798 and that the sentence "is to date from the completion of the sentence imposed in Los Angeles County Superior Court Cause No. CR–A–788798." The minute entry is signed by the judge.

Defendant asserts that the minute entry imposing defendant's sentence to be consecutive to his unexpired parole term is erroneous. He posits that when there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement controls. He relies on *State v. Han-* *son,* 138 Ariz. 296, 304–05, 674 P.2d 850, 858–59 (App.1983), wherein the court stated:

> Appellant also contends that even if the trial court had jurisdiction to correct the minute entry, double jeopardy protects him from a subsequent increase in punishment. See *United States v. Best,* 571 F.2d 484 (9th Cir.1978). This argument fails because the trial court was simply correcting the minute entry so that it would be an accurate record of the judgment and sentence. Rule 26.16, Arizona Rules of Criminal Procedure, 17 A.R.S., provides that a judgment and sentence are complete and valid when orally pronounced. Where there is a discrepancy between the oral sentence and the written judgment, the oral pronouncement of sentence controls.

However, this statement is dictum since that court held that the trial court did not modify the defendant's sentence but only corrected the record. In *State v. Jefferson,* 108 Ariz. 600, 601, 503 P.2d 942, 943 (1972), our supreme court stated:

> Defendant's last contention is that the reporter's transcript shows that the judge ordered the three sentences to run concurrently, while the typed minute entry shows that they were to run consecutively. This of course is a matter which requires investigation. The question is not so much which order takes precedence over the other, as which order represents what the judge actually said.
>
> There is no question but that the oral judgment is valid and complete when the judge speaks—the question is what he actually said. The minute entry, having been typed, was not made in the courtroom. Likewise, the transcript, having been typed, was not made in the courtroom. Each was made by a different person, one of whom misunderstood the judge. It is also possible that the court reporter mistranslated his notes.
>
> The judgment of guilt is affirmed, but the case is remanded to the Superior Court for the purpose of determining what sentence was actually imposed.

In *State v. Denson,* 110 Ariz. 159, 160, 515 P.2d 1179, 1180 (1973), our supreme court stated:

> In examining the record for fundamental error pursuant to A.R.S. § 13–1715, we have found an irregularity in the sentence imposed. The minutes and the formal judgment of guilt and sentence state that the defendant is to be confined for a term of five years to five and one-half years in the State Prison. However, the transcript reflects that the sentence was five years to five years and one day. The situation presented is identical with that found in *State v. Jefferson,* 108 Ariz. 600, 503 P.2d 942 (1972). The question posed is what is the true sentence. While there was a dissenting opinion in *Jefferson,* the position of the dissent has not been accepted, and the holding in the cited case will be followed.
>
> The judgment of guilt is affirmed, but the case is remanded to the Superior Court for the purpose of determining what sentence was actually imposed.

■ We believe the law in Arizona to be that when there is a discrepancy between the oral pronouncement of sentence and the minute entry that cannot be resolved by reference *to the record,* a remand for clarification of sentence is appropriate. In the cases cited by the parties to this case, there was no indication that the plea transcript and the sentencing transcript contained any additional statements by the court indicating the court's intent. In this case, at the time the defendant pled guilty, the court informed him:

> THE COURT: Mr. Bowles, if it's established that you committed this offense while on parole, the minimum sentence that this Court can impose is seven-and-a-half years, and we are talking about hard time. That means you will not be eligible for early release credits. You must serve the entire sentence imposed by the Court.
>
> *Additionally, this sentence must be made to run after you have completed serving any sentence that remains on the matter for which you were on parole.*
>
> . . . .
>
> You have admitted that you committed this offense while on parole, which means the minimum term then becomes seven-and-a-half.
>
> Do you understand all of that, Mr. Bowles? [Emphasis added.]

To which defendant replied, "Yes, I do."

At the time of sentencing, the court stated in pertinent part:

> I have read the presentence report and considered the stipulations in the plea agreement that call for 11 years with the Department of Corrections running concurrently with CR 90–01015 and *consecutively* to any unexpired parole term in CR A–788798 out of Los Angeles County Superior Court, and that you have agreed to pay restitution in a sum not to exceed $100,000.
>
> Mr. Ross [DEFENSE COUNSEL], is there anything you wish to say on behalf of your client?
>
> MR. ROSS: *I'd ask the Court just to follow the plea agreement,* which appears to be also the recommendation of Ms. Lawrence, the presentence writer. [Emphasis added.]

The trial court clearly stated on two occasions that the plea agreement called for the sentence to be consecutive to the parole term. The trial court clearly stated at both the change of plea hearing and the sentencing hearing that the sentence was to be consecutive per the plea agreement. At no time did she state that she was not going to follow the plea agreement. On the record before us, we opine that the court intended that the sentence imposed be consecutive to the parole term rather than concurrent. Therefore, it is not necessary to remand for resentencing in order to determine the true sentence.

Pursuant to A.R.S. § 13–4035, we have reviewed the entire record for fundamental error. We find no error.

The judgment and sentence as stated in the minute entry are affirmed.

FIDEL, P.J., and VOSS, J., concur.

NOTE: Retired Judge MELVYN T. SHELLEY was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.