133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stuart J. SANDROCK, Petitioner-Appellant,
v.
James H. GOMEZ, Respondent-Appellee.
 No. 97-55100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997**
Decided Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stuart J. Sandrock, a former California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition. Sandrock contends that juror misconduct violated his Sixth Amendment rights. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Juror misconduct will entitle a petitioner to habeas relief only if it had a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quotation omitted). The state court's factual findings are presumed correct, but the determination of prejudice is a mixed question of fact and law we review de novo. See Lawson v. Borg, 60 F.3d 608, 611-612 (9th Cir.1995).
 
 
 4
 Sandrock contends that the district court applied the "substantial and injurious effect" standard of review retrospectively in violation of the Ex Post Facto Clause and the Fifth and Fourteenth Amendments This contention lacks merit. See Collins v. Youngblood, 497 U.S. 37, 51-52 (1990) (Ex Post Facto clause applies only to statutes that define criminal conduct, increase punishment for an offense, or make a previously available defense unavailable).
 
 A. Conversations With Non-Juror
 
 5
 Sandrock contends that a juror's conversations with a non-juror constituted prejudicial juror misconduct entitling him to habeas relief. This contention lacks merit.
 
 
 6
 The trial court heard testimony and received evidence on the allegation of jury misconduct at Sandrock's motion for a new trial. Juror Lucius testified that he discussed the case with his co-worker, Ms. Peleska, on two or three occasions. Before the jury was empaneled, Lucius told Peleska that he was a juror in a solicitation for murder trial. Later, while the jury was in the deliberation phase, Lucius told Peleska that he was the only juror voting not guilty. Peleska testified that she then told Lucius that her friend Brenda Daly, a deputy district attorney, would probably think the defendant was guilty.
 
 
 7
 The trial court found that Lucius did not relay these conversations to the jury, and did not even remember Peleska's comment regarding what Daly might have thought. We presume these factual findings to be correct. See Lawson, 60 F.3d at 611.[1] From these facts, we agree with the district court that although the conversations did constitute jury misconduct, Sandrock has failed to demonstrate that they had a substantial or injurious effect or influence in determining the jury's verdict. See Brecht, 507 U.S. at 637; Lawson, 60 F.3d at 611-612.
 
 B. Juror's Use of a Dictionary
 
 8
 The evidence also established that during deliberations Lucius looked up "solicitation" in the dictionary at home. He remembered the definition as "to persuade or entice," and he discussed it with the other jurors. Sandrock contends that these actions were prejudicial because he dictionary definition eliminated the specific intent element from solicitation of murder, one of Sandrock's crimes of conviction. We disagree.
 
 
 9
 "Jury exposure to facts not in evidence deprives a defendant of the rights to confrontation, cross-examination and assistance of counsel embodied in the Sixth Amendment." Lawson, 60 F.3d at 612. The following factors are relevant to the prejudice determination: "(1) whether the material was actually received, and if so, how; (2) the length of time it was available to the jury; (3) the extent to which the juror discussed and considered it; (4) whether the material was introduced before a verdict was reached, and if so at what point in the deliberations; and (5) any other matters which may bear on the issue of the reasonable possibility of whether the extrinsic material affected the verdict." Id. (citations omitted). No one factor is dispositive. See id.
 
 
 10
 The trial court instructed the jury that the crime of solicitation of murder required a finding that Sandrock specifically intended that a murder be committed at the time he solicited commission of the crime. While the dictionary definition did not include a "specific intent" element, the instructions given clearly dictated that "[t]he mere speaking of words of solicitation does not constitute the crime of solicitation to commit an act of murder. The words must be accompanied by the specific intent that a murder be committed or the crime of solicitation to commit murder is not committed." Accordingly, Sandrock failed to meet his burden of proving that the juror's misconduct had a substantial or injurious effect on the jury's verdict. See Brecht, 507 U.S. at 637; Lawson, 60 F.3d at 612.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds his case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Sandrock contends that the factfinding procedure employed by the state court was insufficient for this court to determine whether the jury misconduct was prejudicial. This contention is waived because Sandrock raised it for the first time in his reply brief, see Gray v. Lewis, 881 F.2d 821, 823 n. 3 (9th Cir.1989), and in any event lacks merit, see, Greyson v. Kellam, 937 F.2d 1409, 1415 (9th Cir.1991)