5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Dale COATES, Petitioner-Appellant,
v.
Jack MCCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 93-35129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Coates appeals pro se the district court's denial of his petition for a writ of habeas corpus. Coates argues that he is entitled to a presumption of ineffective assistance of counsel because his trial counsel, Bernard Goldman, was a user of cocaine during his representation of Coates. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 The Supreme Court held in Strickland v. Washington, 466 U.S. 668 (1984) that a habeas petitioner who alleges ineffective assistance of counsel must demonstrate that his attorney did not render "reasonably effective assistance," id. at 687, by "identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment," id. at 690. Furthermore, the petitioner must demonstrate that he was prejudiced by his counsel's errors. Id. at 691-92. Such prejudice is presumed where there is "[a]ctual or constructive denial of the assistance of counsel altogether," id. at 692, or where "counsel failed to function in any meaningful sense as the Government's adversary," United States v. Cronic, 466 U.S. 648, 666 (1984).
 
 
 4
 Coates argues that Goldman's admitted use of cocaine is the type of conduct from which prejudice may be presumed.[1] However, Coates fails to establish the effective denial of meaningful representation which is required for prejudice to be presumed under Strickland and Cronic. Coates selected Goldman as his counsel, and Goldman, among other things, interviewed witnesses, moved for disclosure of the name of a confidential informant (and appealed the denial of the motion), conducted cross-examination at trial, and presented a defense.
 
 
 5
 Furthermore, drug use alone is not a sufficient basis for an ineffective assistance claim. Berry v. King, 765 F.2d 451, 454 (5th Cir.1985) ("under Strickland the fact that an attorney used drugs is not, in and of itself, relevant to an ineffective assistance claim"; original emphasis), cert. denied, 476 U.S. 1164 (1986)[2]; cf. Smith v. Ylst, 826 F.2d 872, 876 (9th Cir.1987) (mental illness of attorney is not per se basis for ineffective assistance), cert. denied, 488 U.S. 829 (1988). Rather, Coates must identify specific prejudicial errors which resulted from Goldman's drug use. Strickland, 466 U.S. at 690; Smith, 826 F.2d at 876; Berry, 765 F.2d at 454.
 
 
 6
 In his opening brief, Coates does not challenge the district court's conclusion that he suffered no actual prejudice from any error made by his counsel. Coates does allege specific errors in his reply brief. We ordinarily do not consider such untimely arguments. Gray v. Lewis, 881 F.2d 821, 823 n. 3 (9th Cir.) ("this issue is waived because [the petitioner] raised it for the first time in his reply brief"), cert. denied, 493 U.S. 996 (1989).
 
 
 7
 In any event, Coates's arguments fail on the merits. First, he presents two arguments relevant only to evidence of drug use. As stated above, this is insufficient, without more, to establish ineffective assistance. Second, he argues that the testimony of Goldman's secretary regarding Goldman's conduct prior to his representation of Coates support the ineffective assistance claim. We agree with the district court that "counsel's failure to make appointments and court dates on behalf of clients other than [Coates] does not prejudice him." Third, Coates argues that it is significant that the district court indicated that the testimony of William Miller and Bruce Werring--whom Coates alleges that Goldman should have called as witnesses--might be cumulative of the testimony of the confidential informant. This argument is irrelevant, because the cumulative nature of the evidence is relevant only to disclosure of the identity of the confidential informant, and not to the propriety of the decision whether to call Miller and Werring at trial. Finally, Coates presents evidence which he alleges that Goldman should have used as a basis for a suppression motion. We agree with the district court that "Goldman exercised reasonable professional judgment in deciding not to move to suppress petitioner's statements [because] ... [s]uch a motion would not have been successful."
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Coates cites Smith v. Wainwright, 777 F.2d 609 (11th Cir.1985), cert. denied, 477 U.S. 905 (1986), which relied on the decision in Cronic. 777 F.2d at 616, 620
 
 
 [2]
 Coates argues that counsel's drug use was not established in Berry, as in the present case. This fact does not alter the legal rule set out in Berry: that specific errors flowing from drug use must be alleged