21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don A. HERMAN, Petitioner-Appellant,
v.
INDETERMINATE SENTENCING REVIEW BOARD, STATE OF WASHINGTON,
Respondent-Appellee.
 No. 93-35560.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1994.*
Decided April 19, 1994.
 
 Before: WRIGHT, TANG, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner, Don A. Herman, appearing pro se, appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 and, thus, the court's adoption of the magistrate judge's Report and Recommendation. Petitioner attacks both his 1972 state conviction for manslaughter and the decisions of the Washington Indeterminate Sentence Review Board ("Review Board") concerning his subsequent parole. We affirm.
 
 DISCUSSION
 
 3
 Petitioner charges that the district court abused its discretion in refusing to order production of the trial court's file; abused its discretion by failing to appoint counsel; failed to review independently his claims; erred in concluding that his Brady claim was barred by laches; and erred in finding another of his claims to be moot. We review the district court's decision de novo. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). "To the extent it is necessary to review [the district court's] findings of fact, the clearly erroneous standard applies." Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 A.
 
 4
 Petitioner first contends that the district court abused its discretion in refusing to order production of the trial court's file relating to his 1972 manslaughter conviction.
 
 
 5
 The record before us indicates that the state trial court, pursuant to state law, purged its file some time during Petitioner's incarceration. Consequently, the trial court's present file contains mere remnants of the original. Exhaustive searches by each party and an inquiry by the magistrate judge produced the present record.
 
 
 6
 Nothing suggests that the state trial court has in its possession documents or evidence that is not duplicated in the record before us. Petitioner, nevertheless, maintains his demand for an order to produce the trial court's file, and charges Respondent and the magistrate judge with negligence for failing to contact Petitioner's trial counsel. We find that Petitioner's motion to produce was properly denied. We also recognize that it is likely no one was in a better position, than Petitioner himself, to solicit information from Petitioner's trial counsel. If Petitioner was unable to contact his trial counsel, he apparently kept that problem to himself. Indeed, the record is void of any indication that Petitioner even attempted to contact his former counsel. Petitioner's claim fails.
 
 B.
 
 7
 Petitioner next charges that the district court abused its discretion by failing to appoint him counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987). The district court has discretion to appoint counsel for indigents when it determines "that the interests of justice so require." 18 U.S.C. Sec. 3006A(g). Nothing in Petitioner's petition reveals a viable due process claim, or indicates that the district court abused its discretion in denying his request for counsel.
 
 
 8
 As complete a record as possible was filed in the district court, before which Petitioner ably presented each of his claims. The "interests of justice" in this matter do not compel the appointment of counsel.
 
 C.
 
 9
 Petitioner also asserts that the district court failed to make an "independent review" of his claims.[1] This contention is frivolous.
 
 
 10
 The magistrate judge prepared a thorough and detailed Report and Recommendation analyzing the petition. As a result of Petitioner's objections to the Report and Recommendation, the district court modified the magistrate judge's proposed order. We are satisfied that the district court considered Petitioner's objections to the Report and Recommendation and conducted an independent review and analysis of the petition.
 
 D.
 
 11
 Petitioner next contends that the district court erred in concluding that his fourth claim, that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), was barred by laches. Rule 9(a), Rules Governing Sec. 2254 Proceedings, requires the court to dismiss a delayed petition if the state has been prejudiced in its ability to respond:
 
 
 12
 A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the Petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.
 
 
 13
 Here, the district court adopted the magistrate judge's recommendation that Petitioner's Brady claim be denied on either the ground that Petitioner failed to sustain his burden under Rule 9(a), or on the ground that, looking at the merits of his claim, Petitioner failed to demonstrate that Respondent failed to produce exculpatory and material evidence.
 
 
 14
 Petitioner was convicted in 1972. He immediately pursued a direct appeal to the Washington Court of Appeals. In an unpublished opinion, the court of appeals denied Petitioner's Brady claim. The court noted that the record did not support Petitioner's contention that the State committed a violation, and it tacitly questioned whether any of the evidence in issue was either exculpatory or material. On June 17, 1974, the Washington Supreme Court denied Petitioner's petition for review and directed the court of appeals to publish its disposition. See State v. Herman, 11 Wash.App. 465, 526 P.2d 1221 (Wash.App.1974).
 
 
 15
 It is undisputed, therefore, that Petitioner exhausted his Brady claim in 1974, seventeen years before he filed his amended federal habeas petition. During that period of time, the trial court purged its file. As a consequence, Respondent argues, it was unable either to prove or disprove Petitioner's claim. Therefore, Respondent asserts, it has been prejudiced.
 
 
 16
 This Court has ruled previously that dismissal under Rule 9(a) is allowed "upon a showing that (1) the state has been prejudiced in its ability to respond to the petition, (2) this prejudice resulted from the petitioner's delay, and (3) the petitioner has not acted with reasonable diligence as a matter of law." Harris v. Pulley, 885 F.2d 1354, 1366 (9th Cir.1988), cert. denied, 493 U.S. 1051 (1990). "The state is prejudiced if the delay forecloses its ability to rebut the petitioner's allegations." Id. The state bears the initial burden of showing a prima facie case of prejudice. Id. Thereafter,
 
 
 17
 the burden shifts to the petitioner to show either that the state actually is not prejudiced or that petitioner's delay "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."
 
 
 18
 Id. (quoting McDonnell v. Estelle, 666 F.2d 246, 251 (5th Cir.1982) and Rule 9(a)).
 
 
 19
 Although we find Petitioner's unexplained delay of seventeen years before pursuing his Brady claim in a federal habeas petition to be unreasonable, we, nevertheless, find Respondent's case for dismissal under Rule 9(a) tenuous. Specifically, we find that Respondent's position, that it is foreclosed from rebutting Petitioner's Brady claim because of an incomplete record, does not square well with the magistrate judge's recommendation on the merits. In making his findings and conclusions, the magistrate judge relied on several discovery related motions currently available in the record and, more importantly, on the 1974 opinion of the state court of appeals considering Petitioner's claim.
 
 
 20
 In its opinion, the court of appeals considered Petitioner's claims that:
 
 
 21
 [T]he prosecution withheld photographs showing defects in [Petitioner's] weapon, withheld the name of the officer who took those photographs, withheld laboratory reports concerning the presence or absence of nitrates on [Petitioner] and decedent, and reports demonstrating a high percentage of alcoholic content in decedent's blood and urine at the time of the incident, and, in addition, withheld unsigned statements of key witnesses who refused to talk to the defense.
 
 
 22
 Herman, 526 P.2d at 1227. The court then proceeded to articulate specific findings of fact that Petitioner has failed, to date, to refute.
 
 
 23
 First, the court found that "the defense was supplied with all of the photographs it requested and which the discovery order required produced." Id. The court also found no evidence that the police failed to allow the defense to test the firearm, which was alleged to be the weapon that killed the decedent. Furthermore, the court found no evidence indicating "the existence of any laboratory and chemical reports concerning the presence or absence of nitrates on [Petitioner] or decedent." Id. It also noted that the information in the alcohol content reports was "given to [Petitioner's] counsel almost immediately upon its receipt by the prosecuting attorney." Id. And, finally, the court found that "unsigned statements of key witnesses" to be merely notes taken by the prosecuting attorney while interviewing witnesses, thus, "they only reflect what the interviewer understood the witness to say." Id.
 
 
 24
 The magistrate judge's findings and conclusions are consistent with those of the state court of appeals. The record before us, then, includes dispositions of two different courts rejecting Petitioner's Brady claim on its merits. Respondent's allegation that it is unable to respond to the claim, in light of this record, is unconvincing. We therefore refuse to dismiss Petitioner's Brady claim under Rule 9(a).
 
 
 25
 Getting over the Rule 9(a) hurdle, however, is of little help to Petitioner. "To succeed on a Brady claim, a defendant must establish (1) that evidence was suppressed; (2) that [the] evidence was favorable to the accused; and (3) that the evidence was material either to guilt or punishment." United States v. Ellender, 947 F.2d 748, 756 (5th Cir.1991). Furthermore, the state court of appeals' factual findings are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d), see Collazo v. Estelle, 940 F.2d 411, 415-16 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992), and the magistrate judge's findings may be reversed only if they are clearly erroneous, see Thomas, 923 F.2d at 1364.
 
 
 26
 Petitioner wholly fails to demonstrate that any of the evidence in issue was exculpatory, material, or, in most instances, even not produced. The record convinces us that Petitioner's failure is not the result of the lack of appointed counsel, or an inability of Petitioner to litigate his claims effectively. We affirm the denial of his Brady claim.
 
 E.
 
 27
 Finally, Petitioner argues that the district court erred in finding one of his claims to be moot. Although not entirely clear, Petitioner seems to argue that he was improperly denied an evidentiary hearing before a state court to decide his substantive claim that the Review Board violated state law and the Equal Protection Clause by reinstating parole, which led to his reincarceration and a new minimum term for the manslaughter conviction after serving a twenty-four month sentence for assault. Respondent countered before the magistrate judge that Petitioner's substantive claim was a matter of state law and that, in any event, the claim was procedurally barred, citing, inter alia, the Washington Supreme Court's decision in In re Cook, 114 Wash.2d 802, 792 P.2d 506 (1990). In Cook, the court held that it would not consider a claim that could have been raised previously or was raised as the result of an abuse of the personal restraint process. Petitioner responded to this position arguing that Respondents should be estopped from relying on procedural default.
 
 
 28
 The magistrate judge avoided both the procedural default issue and the due process issue, respecting Petitioner's claim for an evidentiary hearing before a state court, and instead addressed the merits of Petitioner's substantive claim that the Review Board violated state law and the Equal Protection Clause by reinstating parole, and concluded that there was no violation of state law or the Equal Protection Clause. The report then went on to state that the "alleged failure of the Washington Supreme Court to review this issue in violation of In re Cook ... becomes a moot point." The magistrate judge, therefore, did not find Petitioner's claim to be moot, but rather avoided discussion of the procedural contentions and considered the merits of the claim. The magistrate judge properly did so.
 
 
 29
 AFFIRMED.
 
 
 30
 REINHARDT, Circuit Judge, concurring in part and dissenting in part:
 
 
 31
 I concur in the majority memorandum disposition, except for Section C from which I dissent. I believe that the habeas petition and appeal require us to consider the merits of defendant's substantive claims, not just the question whether the district court made an "independent review" of those claims.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner challenges, under the umbrella of this claim, a number of unidentified jury instructions given at his trial, as well as several decisions of the Review Board concerning his parole. However, these issues are waived because Petitioner raised them for the first time in his reply brief. See Gray v. Lewis, 881 F.2d 821, 823 n. 3 (9th Cir.1989). Furthermore, Petitioner presents most of these claims using a shotgun approach; rather than assert specific contentions supported by argument, he merely lists generalized claims. Despite the dissent, these claims are not fairly presented on appeal and we do not reach them