24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Harvey Mack LEONARD, Petitioner-Appellant,
v.
Eddie YLST; Dan Lungren, Respondents-Appellees.
 No. 93-16195.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1994.*
Decided April 29, 1994.
 
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey Leonard petitions for writ of habeas corpus under 28 U.S.C. Sec. 2254. A California jury found him guilty of forcible rape, penetration of a rape victim by a foreign object, and unlawful sexual intercourse with a person under 18 years old. The district court dismissed Leonard's petition. We affirm.
 
 
 3
 * Leonard asserts that he was denied effective assistance of counsel at trial because the trial court failed to grant a renewed Marsden motion seeking substitution of counsel. We disagree.
 
 
 4
 First, Leonard filed his renewed Marsden motion immediately before trial. It was appropriate for the court to deny the motion when made at such a late time. See United States v. McClendon, 782 F.2d 785, 789 (9th Cir.1986); United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993). Second, the trial court inquired into Leonard's reasons for seeking substitution of counsel and questioned his attorney to verify that he was prepared for trial. Castro, 972 F.2d at 1109. Third, there is no evidence of a total lack of communication between Leonard and his attorney resulting in a complete inability to present a defense. The trial court thus did not commit constitutional error in declining to substitute counsel. Hudson v. Rushen, 686 F.2d 826, 829 (9th Cir.1982), cert. denied, 461 U.S. 916 (1983).
 
 II
 
 5
 Leonard argues that the prosecution failed to disclose the existence of blood samples taken during a rape kit analysis. While this is true, the government did not deprive Leonard of due process. Although fluid samples obtained from a rape kit analysis are material to a defendant's guilt, Hilliard v. Spalding, 719 F.2d 1443, 1445 (9th Cir.1983), if a "sample [is] still available for testing, it would be reasonable to require the defendant to make some showing that the evidence would indeed have been exculpatory." Id. at 1446. Leonard has never obtained or tested the blood samples that he claims the prosecution should have disclosed.
 
 
 6
 Further, once Leonard learned during cross-examination that the blood samples existed, he could have asked for a continuance of the trial to obtain and to test them. If the results of such testing had been favorable, he could have introduced them as evidence. Reiger v. Christensen, 789 F.2d 1425, 1432 (9th Cir.1986); United States v. Bell, 742 F.2d 509, 511 (9th Cir.1984); United States v. Ramirez, 608 F.2d 1261, 1265 (9th Cir.1979). Leonard's failure to do so precludes the relief he seeks. Reiger, 789 F.2d at 1432; Bell, 742 F.2d at 511.
 
 III
 
 7
 Leonard asserts that he was denied the right to a fair and impartial trial because at least one juror had read newspaper articles about his case during trial. Leonard has produced no evidence in support of his claim of outside influence on the jury. The district court thus did not err in dismissing Leonard's claim. Austad v. Risley, 761 F.2d 1348, 1351 (9th Cir.) (en banc), cert. denied, 474 U.S. 856 (1985).
 
 IV
 
 8
 Leonard contends that he was denied his right to cross-examine Shelly Doughty. The trial court prevented Leonard from asking Doughty if Shannon Lockwood had ever confided to her that she had been raped by anyone else.
 
 
 9
 The district court properly denied relief on this claim. Although the Sixth Amendment right to confrontation includes a right of cross-examination, a defendant has no right to cross-examine a witness on irrelevant matters or on relevant matters that are outweighed by countervailing interests in the trial process. Wood v. State of Alaska, 957 F.2d 1544, 1549 (9th Cir.), cert. denied, 112 S.Ct. 1598 (1992). "Also, trial judges retain wide latitude ... to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id.
 
 
 10
 Lockwood's alleged private communications with her friend properly was excluded under this standard. Her alleged statements to Doughty about other incidents of rape are not sufficiently probative of the reasons why she brought rape charges against Leonard such that Leonard had a Sixth Amendment right to cross-examine Doughty on this subject. Id.
 
 
 11
 Further, even if the trial court violated Leonard's confrontation rights, reversal of a conviction for such trial error on collateral review is appropriate only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). Leonard cannot meet this standard. Given that Lockwood was badly bruised when Leonard dropped her off at her house and that she immediately told her mother that she had been raped, it is unlikely that the testimony that Leonard sought would have convinced a jury that Lockwood had fabricated her story.
 
 V
 
 12
 Leonard asserts that he was deprived of effective assistance of appellate counsel because that attorney purportedly miscited People v. Stevens, 156 Cal.App.3d 1119 (Cal.App.1984), in his appellate brief. We disagree. It was not objectively unreasonable for the appellate counsel to attempt to extend Stevens to a case involving appointed counsel. Strickland v. Washington, 466 U.S. 668, 694 (1984). Leonard also fails to show prejudice because he has not identified any case that his appellate counsel should have cited, but did not. Id.
 
 VI
 
 13
 Leonard claims that his convictions for forcible rape and unlawful intercourse with a minor placed him in double jeopardy. This claim is without merit. Gray v. Lewis, 881 F.2d 821, 822-23 (9th Cir.), cert. denied, 493 U.S. 996 (1989) (quoting Gray v. Lewis, 662 F.2d 569, 572 (9th Cir.1981)).
 
 VII
 
 14
 Leonard alleges cumulative error. Because the only possible error concerns the prosecution's failure to turn over the blood samples, there can be no cumulation of errors.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3