NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN KEITH SUTTON, *Appellant.*

No. 1 CA-CR 13-0376
FILED 07-24-2014

Appeal from the Superior Court in Maricopa County
No.  CR2012-123695-001
The Honorable John R. Ditsworth, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

Brian Keith Sutton, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1　　　　Brian Keith Sutton appeals his convictions of burglary in the third degree (a class 4 felony) and possession of burglary tools (a class 6 felony), and the resulting sentences. Sutton's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).

¶2　　　　Sutton filed a supplemental brief in which he argues that (1) he was denied due process because of ineffective assistance of counsel, (2) the evidence was insufficient to support his convictions, and (3) the trial court erred by improperly enhancing his sentence and by not considering mitigating factors. Having reviewed the record and having considered the issues raised in Sutton's supplemental brief, we affirm his convictions. We also affirm Sutton's sentences as modified, vacating only the portion of the sentencing order requiring him to pay for DNA testing.

## FACTS AND PROCEDURAL BACKGROUND

¶3　　　　The relevant facts, viewed in the light most favorable to upholding the jury's verdicts, are as follows. During a routine patrol of an apartment complex in Glendale late in the evening on May 4, 2012, security guards saw Sutton using a head-mounted flashlight manipulating the wires in a cable box attached to one of the buildings. One of the security guards recognized Sutton as the person he had seen tampering with a cable box two weeks earlier on April 21, 2012, at the same apartment complex, but had been unable to apprehend.

¶4　　　　The security guards detained Sutton, who explained that he had worked as a subcontractor for a cable company 25 years earlier, and that he was attempting to fix the signal at the request of a friend who lived in the complex. Sutton had wire cutters in one of his hands. The security

guards were unable to verify Sutton's story, and they handcuffed Sutton and called the Glendale Police Department.

¶5          When Glendale Police Officer Durham arrived at the scene, he saw Sutton handcuffed and sitting on a curb.  At the cable box, Officer Durham saw three cut cable ends, a cable splitter and cable end lying in the bottom of the cable box, and a coaxial cable end lying on the ground below the box.  In addition to wire cutters, Officer Durham found five coaxial cable ends, a box cutter (missing a blade), and two flashlights (one of which was on Sutton's head).

¶6          After having been read his *Miranda*[1] rights, Sutton told Officer Durham that he was trying to fix the cable signal for a friend who lived in the complex and that the cut coaxial cable found in front of the cable box was his, but that he had found it while "dumpster diving" at a nearby electronics store.  Sutton denied involvement in the incident that had occurred two weeks earlier.

¶7          After being read his *Miranda* rights a second time at the police station, Sutton stated that (1) the cable box was open when he got there, (2) he had not manipulated the cable boxes, and (3) he did not take any cables out of the cable box.

¶8          The next morning, a criminal investigator for the cable company inspected the cable box and noticed that the cover to the box had been broken off and physically removed.  Additionally, someone had tampered with several of the cables that connected to apartments, had cut the ends of the cable connections, had pulled out the wires, and had broken off some of the ends of the connection places.

¶9          Sutton was charged with burglary in the third degree and aggravated criminal damage stemming from the April 21, 2012 incident as well as burglary in the third degree, aggravated criminal damage, and possession of burglary tools stemming from the May 4, 2012 incident.  After the close of the State's case in chief, the court granted a defense motion for judgment of acquittal and dismissed the April 21 criminal damage charge. The jury found Sutton guilty of the May 4 third-degree burglary and possession of burglary tools, but not guilty of the remaining counts.  Sutton admitted to two prior felony convictions.  The court sentenced Sutton as a repetitive offender to a mitigated term of six years for third-degree burglary

---

[1]      *Miranda v. Arizona*, 384 U.S. 436 (1966).

and a presumptive term of 3.75 years for possession of burglary tools to be served concurrently, with 364 days' presentence incarceration credit.[2]

¶10 Sutton timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033.[3]

## DISCUSSION

¶11 Sutton was represented by counsel and was present at all stages of the proceedings, except for a brief portion of trial day two and trial day five, for which counsel waived Sutton's presence. The record reflects that the superior court afforded Sutton his rights under the federal and state constitutions, and that the proceedings were conducted in accordance with Arizona statutes and the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts.[4] Finally, Sutton's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

¶12 Sutton argues he was denied due process because of ineffective assistance of counsel. An ineffective assistance claim may not be reviewed on direct appeal, and we therefore do not address this argument,

---

[2] The court orally sentenced Sutton to "a presumptive term of three years" as to the burglary tools conviction. In contrast, the sentencing minute entry reflects a "[p]resumptive" term of "3.75 year(s)." Despite this discrepancy between the oral pronouncement of sentence and the written minute entry, the record clearly reflects that the court intended to sentence Sutton to a presumptive term of imprisonment: 3.75 years for a class 6 felony committed by a category three repetitive offender. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(J). Because this discrepancy is readily resolved by reference to the record, we need not remand for clarification. *See State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App. 1992).

[3] Absent material revisions after the relevant date, we cite the current version of the statute.

[4] Although Sutton argues that the jury was given an erroneous jury instruction as to burglary in the third degree because the apartment complex was not a nonresidential structure, his argument is misplaced; the term "nonresidential structure" in the instruction relates to the cable box and not the apartment complex. *See* A.R.S. § 13-1501(10) (defining a nonresidential structure as "any structure other than a residential structure and includes a retail establishment").

without prejudice to Sutton pursuing it in a proceeding under Arizona Rule of Criminal Procedure 32. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002).

¶13　　　Sutton contends the court erred by sentencing him as a category three, rather than a category one, repetitive offender. He argues that because the two prior felony convictions he admitted at trial were committed more than five years before the instant offenses, they do not qualify as historical prior felony convictions under A.R.S. § 13-105(22)(c) ("Any class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense."). But, because Sutton's 2006 felony convictions were his fourth and fifth felony convictions, they qualified as historical priors under § 13-105(22)(d) ("Any felony conviction that is a third or more prior felony conviction."). Thus, the court properly sentenced Sutton as a category three repetitive offender with two or more historical priors. *See* A.R.S. § 13-703(C).

¶14　　　Sutton also argues that the court erred by not considering in mitigation the support he was receiving from family and friends. Although there appeared to be initial confusion over whether the court had received mitigation information from Sutton's counsel, the record reflects that the court received and considered the information. The court weighed the mitigating factors of minimal economic loss, defendant's remorse, and family support against the fact that Sutton had been convicted of his sixth and seventh felonies. Moreover, the court sentenced Sutton to a mitigated term for burglary in the third degree, which further demonstrates consideration of Sutton's proffered mitigation evidence.

¶15　　　At sentencing, the superior court ordered, pursuant to A.R.S. § 13-610, that Sutton "submit to DNA testing for law enforcement identification purposes and pay the applicable fee for the cost of that testing." In *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013), this court held that A.R.S. § 13-610 does not authorize the sentencing court to require the convicted person to pay for his DNA testing. We therefore vacate the portion of the sentencing order requiring Sutton to pay the cost of his DNA testing.

¶16　　　After the filing of this decision, defense counsel's obligations pertaining to Sutton's representation in this appeal will end after informing Sutton of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Sutton shall

have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶17** For the forgoing reasons, we vacate the portion of the sentencing order requiring Sutton to pay for his DNA testing, but otherwise affirm his convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh