NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DEAN BENALLY, *Petitioner*.

No. 1 CA-CR 13-0764 PRPC

FILED 4-30-2015

Appeal from the Superior Court in Coconino County
No. CR 2008-0514
The Honorable Cathleen Brown Nichols, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By David W. Rozema
*Counsel for Respondent*

Dean Benally, Phoenix
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**T H U M M A,** Judge:

**¶1** Petitioner Dean Benally seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, this court grants review but denies relief.

**¶2** Benally pled guilty to shoplifting and sexual abuse. The plea agreement provided that Benally would be sentenced to 4.5 years in prison for shoplifting and a consecutive term of 2.25 years in prison for sexual abuse. The plea agreement also correctly identified each offense as a non-dangerous but repetitive felony. At sentencing the superior court misspoke by identifying the offenses as *non-repetitive* but sentenced Benally pursuant to the terms of the plea agreement. Benally now seeks review of the summary dismissal of his second petition for post-conviction relief. This court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3** Benally argues his sentences are not in accordance with the terms of the plea agreement because the court identified the offenses as dangerous and non-repetitive rather than dangerous and repetitive as described in the plea agreement. Benally does not contest that he received the prison terms specified in the plea agreement.

**¶4** Benally could have raised this claim in his of-right petition for post-conviction relief in 2009. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded in a subsequent petition. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply and the evidence Benally cites to support his claim is not newly discovered but consists of records in his own case file.

**¶5** Even if the issue were not precluded as untimely, Benally has not shown an entitlement to relief. When a discrepancy between an oral

pronouncement of sentence and a sentencing minute entry can be resolved on the record, it is not necessary to remand for clarification or correction. *State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App. 1992). The record shows the superior court misspoke. Even though the court incorrectly stated the offenses were non-repetitive, the court then immediately identified the prior offense that made the offenses *repetitive*. The court sentenced Benally to the stipulated terms of imprisonment based on the existence of a prior felony conviction (the record indicates Benally had more than a dozen prior felony convictions) and gave no indication it would not follow the terms of the plea agreement.

**¶6** While the petition for review with this court presents additional issues, Benally did not raise those issues in the petition for post-conviction relief he filed with the superior court. A petition for review with this court may not present issues the petitioner did not first present to the superior court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶7** For these reasons, this court grants review and denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama