NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAWON O. SMITH, *Appellant*.

No. 1 CA-CR 18-0801
FILED 8-22-2019

Appeal from the Superior Court in Maricopa County
No. CR 2015-106122-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge James B. Morse Jr. joined.

---

**C A M P B E L L,** Judge:

¶1        Jawon Smith timely appeals his sentences for four counts of child-prostitution. After searching the record on appeal and finding no arguable, non-frivolous question of law, Smith's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Smith to file a pro per supplemental brief, but Smith did not do so. After reviewing the entire record, we find no reversible error and affirm Smith's sentences as modified.

¶2        After a six-day jury trial, Smith was convicted of four counts of child prostitution, among other crimes. At sentencing, the superior court classified the child prostitution convictions as non-dangerous repetitive felonies and sentenced Smith to what the court stated were the statutory minimums of 21 years for each count, to be served consecutively. On direct appeal, we affirmed Smith's convictions and sentences, with one exception—the sentences imposed for the four child prostitution counts. *State v. Smith*, 1 CA–CR 17–0090, 1 CA–CR 17–0091, 2018 WL 1867525, *1, ¶ 1 (Ariz. App. Apr. 19, 2018) (mem. decision). The parties stipulated, and this court agreed, that the superior court erred by applying the amended version of A.R.S. § 13-3212, which took effect on July 24, 2014. *Id.* at *3-4, ¶¶ 13, 17.

¶3        In October 2018, the superior court resentenced Smith for the child prostitution convictions. The court found the mitigating factors outweighed the aggravating factors and resentenced Smith under the appropriate statute to a minimum term of seven years per count, to be served consecutively. The court did not award presentence incarceration credit for the child prostitution convictions, having previously applied all presentence credit to other counts which were to run consecutively to the child prostitution counts.

**¶4**     We have reviewed Smith's oral pronouncement of resentencing for reversible error and find none. *See Leon*, 104 Ariz. at 300. The superior court initially received and considered a presentence report, Smith was given an opportunity to speak at resentencing, and his new sentences were within the range of acceptable sentences for his offenses.

**¶5**     Smith asks this court to correct the sentencing order of imprisonment and strike "[R]epetitive (pursuant to A.R.S. [§] 13-704(A))," from the document. As explained by this court, Smith's prior conviction does not classify him as a repetitive offender because under the pre-amended version of A.R.S. § 13-3212(G)(2), (3) (2013), sentencing enhancements for repetitive offenders were only allowed "upon proof of a prior offense for child prostitution." *State v. Smith*, 1 CA–CR 17-0090, 1 CA-CR 17–0091, 2018 WL 1867525, *3, ¶ 12 (Ariz. App. Apr. 19, 2018) (mem. decision). This incident was Smith's first conviction for child prostitution, and thus, under the pre-amended version of A.R.S. § 13-3212, he does not qualify as a repetitive offender. *Id.* at ¶ 13. Therefore, Smith was properly sentenced as a first-time offender for child prostitution under A.R.S. § 13-3212. Further, at the oral pronouncement of his resentence, the superior court did not sentence him as a repetitive offender, following this court's instructions.

**¶6**     Despite the trial judge appropriately resentencing Smith, the sentencing order does not accurately reflect the oral pronouncement of sentence. When a discrepancy exists between an oral pronouncement of sentence and the subsequent minute entry, the oral pronouncement controls. *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013); Ariz. R. Crim. P. 26.16; *State v. Whitney*, 159 Ariz. 476, 487 (1989) (indicating that the court can order the correction of the record so that it clearly identifies the intended sentence); *State v. Bowles*, 173 Ariz. 214, 216 (App. 1992) (noting that if a record indicates the minute entry contains a clerical error, remand is unnecessary). We therefore grant Smith's request and order the sentencing order be corrected to remove "[R]epetitive (pursuant to A.R.S. [§] 13-704(A))," from the child prostitution counts.

**CONCLUSION**

¶7          We affirm Smith's sentences as modified. Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Smith of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Smith has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.