NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MICHAEL W. MARSHALL, *Appellant.*

No. 1 CA-CR 15-0044
FILED 2-9-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-002070-001
The Honorable Michael W. Kemp, Judge

**JUDGMENT AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green, PLLC, Mesa
By Kyle Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

---

**J O H N S E N**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Michael Marshall's convictions of aggravated assault, a Class 3 felony, and misconduct involving weapons, a Class 4 felony.  Counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Marshall was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm Marshall's convictions and sentences, but modify the judgment of conviction to replace "non dangerous" with "dangerous" and to add a citation to Arizona Revised Statutes ("A.R.S.") section 13-704 (2016).[1]

## FACTS AND PROCEDURAL HISTORY

**¶2**        Following an oral confrontation with another man, Marshall pointed a revolver at him.[2]  At trial, Marshall stipulated to having a prior felony conviction, which rendered him a prohibited possessor at the time of the assault.  *See* A.R.S. § 13-3101(7)(b) (2016) (convicted felon is a prohibited possessor); A.R.S. § 13-3102(A)(4) (2016) (a person commits misconduct involving weapons by possessing a deadly weapon if the person is a prohibited possessor).  A jury convicted Marshall of aggravated assault and misconduct involving weapons.  The superior court sentenced

---

[1]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

[2]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Marshall. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

him to concurrent terms of 7.5 years' incarceration for the assault and 2.5 years for the weapons crime.

¶3        Marshall timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).

## DISCUSSION

¶4        The record reflects Marshall received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages, except when counsel waived his presence during a discussion on jury instructions and aggravating factors.[3]

¶5        The superior court properly may rely on counsel's waiver of a defendant's presence. *See State v. Rose*, 231 Ariz. 500, 504, ¶ 9 (2013). The record reveals no circumstances that call into question counsel's waiver in this case. The jury instructions were proper; Marshall did not receive an aggravated sentence; and he was present for the rest of the trial, including the reading of the final jury instructions and the closing arguments. Accordingly, Marshall was not prejudiced by the waiver. *See State v. Dann*, 205 Ariz. 557, 575, ¶ 73 (2003).

¶6        The court held appropriate pretrial hearings. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 14 members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling.

¶7        Pursuant to a plea agreement in another matter, Marshall stipulated that the assault conviction in this case was a dangerous offense and that he was a convicted felon. After a colloquy with Marshall, the court accepted Marshall's stipulation. As required by Arizona Rule of Criminal Procedure 17.2, the court explained to Marshall that he could be sentenced to a term of between five and 15 years for a Class 3 dangerous felony, but did not inform Marshall of the less severe sentencing range for a Class 3 non-dangerous felony. *See* A.R.S. § 13-704(A) (2016) (sentencing range for

---

[3]        Although Marshall failed to attend two pretrial conferences, following the issuance of a bench warrant, he was present for the rescheduled pretrial conference, at which the court confirmed the final trial management conference date and trial date.

a Class 3 dangerous felony is between five and 15 years); A.R.S. § 13-702(A), (D) (2016) (sentencing range for a Class 3 non-dangerous felony is between two and 8.75 years); *see also State v. Osborn*, 220 Ariz. 174, 176-77, ¶ 6 (2009) (court must inform defendant of the effect an admission may have on the applicable sentencing range). The oversight, however, did not prejudice Marshall, *see State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005), because the court had told him of the two sentencing ranges during the final trial management conference. *Cf. State v. Morales*, 215 Ariz. 59, 62, ¶ 11 (2007) ("[P]rejudice generally must be established by showing that the defendant would not have admitted the fact of the prior conviction had the colloquy been given.").

¶8        The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Marshall was convicted.[4]

¶9        The transcript confirms that Marshall accepted a plea agreement in a separate criminal case contingent upon his stipulation that the assault in this case is a dangerous offense. Accordingly, we correct the judgment of conviction for the assault conviction to reflect that it is "dangerous" instead of "non dangerous." The sentencing minute entry also erroneously omits a reference to A.R.S. § 13-704. Accordingly, we modify the sentencing minute entry to reflect that Marshall's conviction was for a "dangerous" offense pursuant to A.R.S. § 13-704(A). *See State v. Bowles*, 173 Ariz. 214, 216 (App. 1992) (when an appellate court can determine the superior court's intent from the record, remand for clarification is unnecessary).

## CONCLUSION

¶10        We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

¶11        After the filing of this decision, defense counsel's obligations pertaining to Marshall's representation in this appeal have ended. Defense counsel need do no more than inform Marshall of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue

---

[4]        The record does not allow us to ascertain the number of days of presentence incarceration credit to which Marshall was entitled, but neither party has raised any objections to the award of 477 days' presentence incarceration credit.

appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Marshall has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Marshall has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.

