NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TRACY ELISE, *Appellant.*

No. 1 CA-CR 16-0373
FILED 11-1-2018

Appeal from the Superior Court in Maricopa County
No. CR2013-001555-007
The Honorable Sherry K. Stephens, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Law Offices of Stephen L. Duncan P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

**J O N E S**, Judge:

¶1   Tracy Elise appeals her convictions and sentences for multiple counts of money laundering, pandering, and operating a house of prostitution, arising from her operation of the Phoenix Goddess Temple (the Temple) in 2010 and 2011. Elise argues the trial court erred by relying upon an earlier ruling to which she had no opportunity to object. She also argues that because she was ultimately convicted of offenses arising from her asserted religious practices, her fundamental right to freely exercise her religion was violated. For the following reasons, we affirm her convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2   In September 2011, the Phoenix Police Department raided the Temple and arrested thirty-nine people after a six-month investigation into the activities of the Temple and its employees.[1] The Temple employed multiple women who performed sexual acts in exchange for money. Elise, the Temple's operator, was initially found not competent to stand trial, and the State dismissed its charges against her without prejudice. After Elise was successfully restored to competency, she was charged with twenty-eight counts of prostitution, racketeering, money laundering, conspiracy, and pandering. Elise represented herself throughout the 48-day jury trial, and she was ultimately convicted of twenty-two counts. The trial court sentenced Elise to concurrent terms of imprisonment, the longest of which was 4.5 years. Elise timely appealed her convictions and sentences, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

### I. Due Process

¶3   Elise argues the trial court violated her due process rights by relying upon a ruling preventing her codefendants from raising a defense

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2] Absent material changes from the relevant date, we cite a statute's current version.

pursuant to the Arizona Free Exercise of Religion Act (FERA), A.R.S. §§ 41-1493 to -1493.04, to preclude her from raising the same defense. Elise alleges she was not given a meaningful opportunity to be heard on the issue. *See State v. Klem*, 108 Ariz. 349, 350 (1972) (citing *Cole v. Arkansas*, 333 U.S. 196, 201 (1948)). Whether a party was afforded due process presents a question of law reviewed *de novo*. *State v. Rosengren*, 199 Ariz. 112, 116, ¶ 9 (App. 2000) (citing *Mack v. Cruickshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999)).

**¶4** Although the State successfully precluded Elise's codefendants from raising FERA defenses in the initial proceedings, the State refiled its motion as to Elise after she was restored to competency. In response to the renewed motion, Elise briefed her opposition and participated in oral arguments, and the trial court reserved its ruling until the end of trial. Elise raised the FERA issue at least two more times, once in a pretrial motion for an evidentiary hearing and again after the State rested in a motion to dismiss or for a jury instruction on her FERA defense. After a second oral argument, the court independently determined FERA did not provide a defense to the charges against Elise.

**¶5** The record reflects Elise had adequate notice and opportunity to be heard on the validity of her FERA defense. We find no due process violation.

## II. Religious Freedom Defense

**¶6** Elise argues her convictions for acts arising out of her operation of the Temple violated her right to religious freedom under the First Amendment of the U.S. Constitution and FERA. We review both the constitutional claims and those involving the application of a statute *de novo*. *See State v. Fischer*, 219 Ariz. 408, 411, 415, ¶¶ 8, 21 (App. 2008).

### A. First Amendment

**¶7** The Free Exercise Clause of the First Amendment, which has been made applicable to the states by incorporation into the Fourteenth Amendment, *see Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940), provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," U.S. Const. amend. I. The free exercise of religion encompasses two concepts: "the right to believe and profess whatever religious doctrine one desires," and "the right to the performance of (or abstention from) physical acts for religious reasons." *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 877 (1990), *superseded by statute on other grounds*. The first concept — freedom to believe and profess — is absolute but, "in the nature of things, the second [concept

regarding the performance of physical acts for religious reasons] cannot be." *Cantwell*, 310 U.S. at 303. Thus, "the right to engage in actions or conduct prompted by religious beliefs or principles 'is not totally free from legislative restrictions.'" *Fischer*, 219 Ariz. at 412, ¶ 10 (quoting *Sherbert v. Verner*, 374 U.S. 398, 403 (1963)). Rather, "[c]onduct remains subject to regulation for the protection of society." *Cantwell*, 310 U.S. at 304.

¶8 Nonetheless, the First Amendment generally does not invalidate neutral laws of general applicability. *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 190 (2012) (citing *Smith*, 494 U.S. at 878-79); *see also State v. Hardesty*, 222 Ariz. 363, 365, ¶ 7 n.6 (2009). Here, Elise was convicted of violating A.R.S. §§ 13-2312 (illegal control of an enterprise), -2317 (money laundering), -3208 (operating a house of prostitution), -3209 (pandering), and -3214 (prostitution). These statutes are facially neutral laws of general applicability, and Elise has not shown the statutes were enacted or enforced with any discriminatory intent. *See, e.g.*, *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 534-35 (1993) (holding city ordinances prohibiting animal sacrifice violated the First Amendment where the evidence indicated "the object of the ordinances [was] suppression of the central element of the Santeria worship service"). Accordingly, Elise's First Amendment claim fails as a matter of law.

### B.     Arizona Free Exercise of Religion Act

¶9 "The legislature passed FERA in 1999 to protect Arizona citizens' right to exercise their religious beliefs free from undue governmental interference." *Hardesty*, 222 Ariz. at 365, ¶ 8 (citing 1999 Ariz. Sess. Laws, ch. 332, § 2 (1st Reg. Sess.)). In some instances, FERA protects the free exercise of religion, "even if [state] laws, rules or other government actions are facially neutral." A.R.S. § 41-1493.01(A). However, a party raising a FERA defense must prove three elements: "(1) that an action or refusal to act is motivated by a religious belief, (2) that the religious belief is sincerely held, and (3) that the government action substantially burdens the exercise of religious beliefs." *Hardesty*, 222 Ariz. at 366, ¶ 10 (citations omitted).

¶10 Elise's convictions arise out of her purported engagement in and facilitation of prostitution. "Prostitution" is "engaging in or agreeing or offering to engage in sexual conduct under a fee arrangement with any person for money or any other valuable consideration." A.R.S. § 13-3211. Elise argued at trial, and again on appeal, that the "sexual healing" offered at the Temple was religiously motivated, separate and unrelated to the

"donations" accepted at the Temple. However, the evidence presented at trial indicates Elise operated the Temple to exchange specific sexual acts for a specific amount of money. Temple workers were required to place advertisements on websites commonly used to advertise prostitution. One such advertisement stated that an hour of "hands-on touch" cost $204 — an hourly rate consistent with that reported to law enforcement by Temple workers and customers. Additionally, most visitors believed they were required to pay money in order to receive a sexual act. Indeed, the Temple expected visitors to pay money after receiving a sexual act and contacted visitors who had not paid to inquire as to the reason for nonpayment.

¶11 Viewing the evidence in the light most favorable to upholding Elise's convictions, as we must, *see supra* n.1, we conclude Elise did not prove the sexual acts performed at the Temple were motivated by a religious belief, rather than for pecuniary gain. Therefore, FERA does not apply. Accordingly, the trial court did not err when it declined to dismiss the charges against Elise or instruct the jury on FERA.

**CONCLUSION**

¶12 Elise's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA